IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH P. MAUZ, | : | 1:15-cv-1363 |
| Appellant, | : | Hon. John E. Jones III |
| v. | : | |
| WILLIAM LINK and KIMBERLY LINK, | : | |
| Appellees. | : | |

## MEMORANDUM

### January 11, 2016

Before the Court is Appellant Joseph P. Mauz's ("Appellant" or "Mauz") appeal from the Bankruptcy Court's Judgment and finding that the debt owed by Mauz to the Appellees William and Kimberly Link ("Appellees" or collectively "the Links"), in the amount of $217,100, arose from a willful and malicious injury and is, therefore, excepted from Mauz's Chapter 7 discharge pursuant to 11 U.S.C. § 523(a)(6). This appeal has been fully briefed by the parties (Docs. 16, 19 and 23) and is therefore ripe for our review. For the reasons that follow, the appeal shall be denied.

**I.  JURISDICTION AND STANDARD OF REVIEW**

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). An appeal from a bankruptcy court's order places the district court in the posture of an

1

appellate tribunal, requiring it to accord the appropriate level of deference to the decision of the bankruptcy judge. *See In re Sharon Steel Corp.,* 871 F.2d 1217, 1222 (3d Cir. 1989); see also Fed. R. Bankr. P. 8013. The district court will not disturb the resolution of an issue committed to the discretion of the bankruptcy court unless a manifest abuse of that discretion is apparent. See Sharon Steel, 871 F.2d at 1222-23. We review a bankruptcy court's factual findings for clear error and exercise plenary review over legal determinations. *See In re Udell*, 454 F.3d 180, 183 (3d Cir. 2006) (citing *In re Woskob*, 305 F.3d 177, 181 (3d Cir. 2002)).

## II.  BACKGROUND

Mauz filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 12, 2012, docketed at 1:12-bk-06672. The matter was assigned to the Honorable Richard N. Opel, II, United States Bankruptcy Judge for the Middle District of Pennsylvania. Mauz filed his schedules of assets and liabilities on December 17, 2012, and the Chapter 7 Trustee filed a report of no distribution on October 27, 2014. During the pendency of Mauz's Chapter 7 bankruptcy proceedings, on March 7, 2013, the Links commenced an Adversary Proceeding against Mauz to determine the dischargeability of a debt owed by Mauz to the Links, docketed at 1:13-ap-00053. The Links alleged that, pursuant to 11 U.S.C. § 523(a)(6), a state court judgment from the Court of Common Pleas of York County

2

obtained against Mauz was nondischargeable because it was based on a finding of intentional infliction of emotional distress.

A brief history of the York County judgment is as follows. Mauz and the Links are adjoining property owners. The Links filed a civil action against Mauz, alleging that Mauz intentionally inflicted emotional distress upon the Links. Over the course of years, Mauz had filed ten complaints against the Links in the Court of Common Pleas of York County, all of which were either dismissed, withdrawn or resulted in a finding of not guilty. Additionally, Mauz made over thirty complaints against the Links to the Northern Regional Police Department and the Manchester Township municipal offices. These complaints were unsupported and ultimately dropped, or resulted in no charges against the Links. Following a bench trial, the Links were awarded the amount of $217,000.00.

Thus, at issue before Judge Opel in the Adversary Proceeding was whether Mauz could discharge this debt in the course of his Chapter 7 bankruptcy proceedings. Judge Opel conducted a bench trial on the matter and issued an Opinion and Judgment on November 19, 2015, finding judgment in the Links favor and specifically ordering that:

> The State Court Non-Jury Trial Verdict and Orders in William A. Link and Kimberly A. Link vs. Joseph P. Mauz and Denise Mauz in the Court of Common Pleas of York County, Pennsylvania, case number

> 2007-SU-004396-07, for the face amount of $217,000.00 is excepted from the Debtor's Chapter 7 discharge.

(Doc. 19-11, p. 1).   Within the Opinion, Judge Opel fully supported the York County Court's finding that Mauz had committed the tort of intentional infliction of emotional distress.   Noting that Mauz had filed an "outrageous" number of complaints against the Links (Doc. 19-12 p. 7), Judge Opel concluded that "[a]n average member of the community would determine that the Debtor's course of conduct over several years reached an egregious level for liability to attach from the intentional infliction of emotional distress."   (Doc. 19-12, p. 8).   Judge Opel reasoned that this finding excluded the $217,000.00 judgment against Mauz from discharge, since 11 U.S.C. § 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or the property of another entity."   It is this determination that Mauz appeals.

**III.   DISCUSSION**

In Mauz's "Statement of Issues to be Presented" on this appeal (Doc. 16-1, p. 2), Mauz separates his claims of error by Judge Opel into eleven separate paragraphs.   However, a fair reading of this submission reveals that Mauz's claim is singular: that the bankruptcy court erred in determining that the $217,000.00 debt owed by him to the Links arose from a willful and malicious injury and is thus

4

excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).   To be sure, Mauz does not dispute that a debt resulting from a willful or malicious injury is excepted from dischargeability, only that the bankruptcy court erred in finding that his conduct, as set forth in the York County intentional infliction of emotional distress civil suit, rose to the level of willful and malicious.

In addition to Judge Opel's thorough and thoughtful Opinion in the underlying matter, the Court has reviewed the lengthy submissions of the parties as well as the bankruptcy record, and we easily formulate one, inescapable conclusion. Mauz's behavior towards the Links was entirely willful and malicious.   Mauz instituted and maintained a campaign of unfounded complaints and escalating hostilities against his neighbors, which included Mauz himself damaging the Links' fence posts, conduct for which he was adjudged guilty of criminal mischief in the Common Pleas Court or York County.   While we could, as Judge Opel did in his Opinion, list the litany of abuses foisted on the Links by Mauz, we frankly find it a waste of judicial resources to spill any further ink on Mauz's meritless contentions. The debt of $217,000.00 that Mauz owes to the Links as a result of the York County court verdict is not dischargeable pursuant to 11 U.S.C. § 523(a)(6) because the debt arose out of Mauz's willful and malicious conduct.   An appropriate Order shall issue.